# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| Patrick Resetar<br>728 Lincoln Street<br>Amherst, Ohio 44001<br><br>   Plaintiff,<br><br>-vs-<br><br>Professional Skills Institute, LLC<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____<br><br>Judge _____<br><br>**NOTICE OF REMOVAL**<br><br>Rebecca E. Shope (0083942)<br>SHUMAKER, LOOP & KENDRICK, LLP<br>1000 Jackson Street<br>Toledo, Ohio 43604<br>Telephone: (419) 241-9000<br>Fax:   (419) 241-6894<br>Email:  rshope@shumaker.com<br><br>*Attorney for Defendant,*<br>*Professional Skills Institute, LLC*<br>*c/o CT Corporation System* |

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, WESTERN DIVISION:**

Pursuant to 28 U.S.C. §§1332 and 1441, Defendant, Professional Skills Institute, LLC c/o CT Corporation System ("Defendant"), petitions this Court for removal of this action currently pending in the Court of Common Pleas, Lucas County, Ohio, designated as Case No. G-4801-CI-0202103462-000. As grounds for Notice of Removal, Defendant states as follows:

  1. On November 2, 2021, Plaintiff Patrick Resetar ("Plaintiff") filed a Summons and Complaint against Defendant in the Court of Common Pleas, Lucas County, Ohio, Case No. G-4801-CI-0202103462-000, assigned to the Honorable Judge Lindsay D. Navarre. The original Complaint asserted two claims against Defendant: (1) retaliation in violation of R.C. § 4113.52; and (2) wrongful termination in violation of public policy.

  2. On or about November 9, 2021, Defendant was served with a copy of the Summons and Complaint.

3. This notice is timely filed within thirty (30) days after receipt of a copy of the Complaint and Summons as is required by 28 U.S.C. §1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

4. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders filed and served in the case are attached as Exhibit A. To the best of Defendant's knowledge and belief, these documents constitute all of the process, pleadings, and orders as of the date of this filing as required by 28 U.S.C. §1446(a).

5. Venue is proper in this Court. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, it is the proper district court to which this case should be removed. 28 U.S.C. §§1441(a) and 1446(a).

## JURISDICTION

6. Plaintiff is an individual domiciled in Amherst, Ohio. *See* Complaint.

7. Defendant is an Ohio limited liability company. Defendant's sole member is Education Evolve, LLC, a Delaware limited liability company. Education Evolve, LLC's members are Carl Spotocco, Joseph J. Fortunato, Michael C. Marino and the Marguerite Marino 2008 Irrevocable Gifting Trust. Spotocco is domiciled in New Jersey, Marino is domiciled in Pennsylvania, and Fortunato is domiciled in Delaware. The Marguerite Marino 2008 Irrevocable Gifting Trust's trustee is David Kruft, who is domiciled in Pennsylvania. Thus, Defendant is considered a citizen of New Jersey, Pennsylvania and Delaware.

8. Under 28 U.S.C. §1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. Defendant is entitled to remove this action to this Court under 28 U.S.C. §1441 because this Court has original jurisdiction pursuant to 28 U.S.C. §1332 as complete diversity exists between the parties and Plaintiff asserts claims that, if proven, could exceed $75,000.00, exclusive of interest and costs.

10. In cases where the complaint does not specifically indicate that the amount in controversy is in excess of $75,000.00 (as is the case here), Defendant bears the burden of proving that the amount in controversy exceeds the jurisdiction threshold. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 573 (6th Cir. 2001). This standard "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount in controversy requirement. Such a burden might well require the defendant to research, state, and prove the plaintiff's claim for damages." *Id.* (internal citations omitted). Rather, "it is well settled" that, to carry its burden, the removing party need only show that it is "more likely than not" that the amount in controversy exceeds $75,000.00. *McMahon v. Alternative Claims Serv., Inc.*, 521 F. Supp.2d 656, 659 (N.D. Ohio 2007). When determining the amount in controversy in diversity cases, possible attorney's fees can be considered as satisfying the jurisdictional amount. *Clark v. National Traveler Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975).

11. In the present case, Plaintiff's prayer for relief requests "compensatory and monetary damages" in excess of $25,000; "punitive damages" in excess of $25,000; reinstatement; attorneys' fees; and "other and further relief that this Court deems necessary and proper." *See* Complaint. The request for an amount well in excess of $50,000 **plus** attorneys' fees provides a basis that it is more likely than not the amount in controversy exceeds $75,000.00. *Id.*

12. Pursuant to 28 U.S.C. §1446(b), Defendant has given written notice of removal of this action to Plaintiff and has contemporaneously filed a copy of this Notice with the Clerk of the Court of Lucas County Court of Common Pleas, attached as Exhibit B.

13. Nothing in this Notice of Removal should be construed as an admission or acknowledgment of liability, a waiver of defenses, or admission that Plaintiff is entitled to any damages.

14. Defendant will file a responsive pleading to Plaintiff's Complaint in accordance with Rule 81(c) of the Federal Rules of Civil Procedure, unless such response date is otherwise extended by this Court.

15. Defendant expressly reserves the right to submit additional evidence in support of the Notice of Removal, including as may be necessary to address and refute any contentions set forth in a motion to remand.

16. The undersigned is counsel for Defendant and is duly authorized to effect removal on behalf of Defendant.

**WHEREFORE**, Defendant Professional Skills Institute, LLC respectfully requests that this action be removed from the Court of Common Pleas of Lucas County, Ohio to the United States District Court for the Northern District of Ohio, and that all proceedings hereinafter in this matter take place in the United States District Court for the Northern District of Ohio.

Respectfully submitted,

*/s/ Rebecca E. Shope*
Rebecca E. Shope (0083942)
SHUMAKER, LOOP & KENDRICK, LLP

*Attorney for Defendant,*
*Professional Skills Institute, LLC*
*c/o CT Corporation System*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **Notice of Removal** was filed electronically and served by ordinary United States mail, this 12th day of November, 2021, upon:

Fred M. Bean, Esq.
Taurean J. Shattuck, Esq.
David E. Byrnes, Esq.
25825 Science Park Drive, Suite 200
Beachwood, Ohio 44122

*Attorneys for Plaintiff*

/s/Rebecca E. Shope
Rebecca E. Shope (0083942)
SHUMAKER, LOOP & KENDRICK, LLP

*Attorney for Defendant,*
*Professional Skills Institute, LLC*
*c/o CT Corporation System*