EFILED LUCAS COUNTY
11/02/2021 05:52 PM
COMMON PLEAS COURT
BERNIE QUILTER, CLERK
efile id 83129

IN THE COURT OF COMMON PLEAS
LUCAS, COUNTY

| | | |
|---|---|---|
| PATRICK RESETAR<br>728 Lincoln Street<br>Amherst, Ohio 44001<br><br>　　　　Plaintiff,<br><br>v.<br><br>PROFESSIONAL SKILLS INSTITUTE, LLC<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. G-4801-CI-0202103462-000<br><br>JUDGE: Judge **LINDSAY D. NAVARRE**<br><br>**COMPLAINT FOR DAMAGES<br>AND REINSTATEMENT**<br><br>(Jury demand endorsed herein) |

Plaintiff, Patrick Resetar, by and through undersigned counsel, as his Complaint against Defendant, states and avers the following:

### PARTIES & VENUE

1. Resetar is a resident of the city of Amherst, Lorain County, state of Ohio.

2. Defendant Professional Skills Institute, LLC ("PSI") is a corporation with its principal place of business located at 1505 Holland Road, Maumee, Ohio 43537.

3. PSI is an "employer" within the meaning of O.R.C. § 4113.51(B).

4. All material events alleged in this Complaint occurred in Lucas County.

5. Personal jurisdiction is proper over Defendant pursuant to Ohio R.C § 2307.382 (A)(1).

6. Venue is proper pursuant to Civ. R. 3(C)(3) & (6).

7. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

### FACTS

8. Resetar is a former employee of PSI.

9. On or about January 2021, Resetar began working for PSI a Director of Admissions.

The Employee's Attorney.™



EXHIBIT A

10. On or about May 4, 2021, Resetar was promoted to Director of Operations.

11. PSI admits and trains students for entry-level careers as truck drivers and medical staff.

12. In May 2021, PSI was in the process of upgrading its computer systems with a vendor called Campus Cloud.

13. As the Director of Admissions, Resetar's job duties required him to work with prospective students through the admissions process.

14. In or around May 2021, Resetar noticed that Campus Cloud did not have a system in place to keep track of students who requested placement on the Federal Do Not Call List. ("Federal Compliance Issues")

15. Resetar believed that a system to keep track of students who requested placement on the Federal Do Not Call List was necessary for PSI's compliance with federal lending regulations.

16. 15 U.S.C. §§ 6151-6155 authorizes the Federal Trade Commission to implement and enforce the Do Not Call Registry.

17. In or around late April 2021, Resetar disclosed Campus Cloud's Federal Compliance Issues to Joe Fortunato, Vice President of Admissions, Ryan Snyder, Director of Financial Aid, and Kate Rodgers, Assistant Vice President of Admissions. ("Compliance Complaint")

18. During the Compliance Complaint Restar told Fortunato, Snyder, and Rodgers that the Federal Compliance issues were a crime and a felony.

19. In or around late April 2021, Resetar submitted written reports regarding Campus Cloud's Federal Compliance Issues to Fortunato, Snyder, and Rodgers. ("Compliance Complaint Emails")

20. Fortunato told Resetar that PSI would look into the Federal Compliance Issues and would fix them.



21. On or about May 5, 2021, Resetar attended a meeting between PSI management and Campus Cloud.

22. On or about May 5, 2021, Resetar asked if the Federal Compliance Issues had been resolved.

23. Fortunato told Resetar "we'll look into it," and abruptly ended the meeting.

24. Within hours of the May 5, 2021 meeting, Fortunato demoted Resetar back down to Director of Admissions.

25. Fortunato told Resetar the demotion was for raising the Federal Compliance Issues in the meeting with Campus Cloud.

26. On or about May 6, 2021, Fortunato terminated Resetar's employment with PSI.

27. Fortunato told Resetar the termination was based on Resetar raising the Federal Compliance Issues in the meeting with Campus Cloud.

28. Resetar believed that the Federal Compliance Issues were a federal crime and a felony.

29. PSI's stated reason for demoting Resetar was retaliation for raising Federal Compliance Issues.

30. PSI's demotion of Resetar for raising Federal Compliance Issues was an adverse action.

31. PSI's demotion of Resetar for raising Federal Compliance Issues was an adverse employment action.

32. PSI's stated reason for terminating Resetar was retaliation for raising Federal Compliance Issues.

33. PSI's termination of Resetar for raising Federal Compliance Issues was an adverse action.

34. PSI's termination of Resetar for raising Federal Compliance Issues was an adverse employment action.

35. As a result of PSI's actions, Resetar suffered and will continue to suffer monetary and emotional damages.



## COUNT I: RETALIATION IN VIOLATION OF OHIO WHISTLEBLOWER STATUTE R.C. § 4113.52

36. Resetar restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

37. During his employment, Resetar made verbal reports regarding PSI's Federal Compliance Issues.

38. Resetar reported that PSI's conduct violated The Do-Not-Call Implementation Act.

39. Resetar reasonably believed that PSI's failure to comply with the federal regulations of The Do-Not-Call Implementation Act was a felonious criminal offense.

40. Resetar made both oral and written complaints that he believed PSI's conduct violated federal law.

41. Resetar made both oral and written complaints about the Federal Compliance Issues.

42. PSI retaliated against Resetar by demoting him based on his complaints regarding the Federal Compliance Issues.

43. PSI retaliated against Resetar by terminating his employment based on his complaints regarding the Federal Compliance Issues.

44. PSI's retaliatory termination of Resetar was in violation of R.C. § 4113.52, *et seq*.

45. As a direct and proximate cause of PSI's conduct, Resetar suffered and will continue to suffer damages.

## COUNT II: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

46. Resetar restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

47. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, or in the common law, against terminating an/or retaliating against an employee because he engages in protected activity under Ohio law.

48. In Ohio, a strong public policy exists regulating telemarketers attempting to solicit Ohio consumers. This public policy is embodied in R.C. § 4719.01, also known as the Telephone Solicitation Sales Act.

49. A clear public policy exists and is manifested in Ohio statutes, and/or administrative regulations, or in the common law, to protect Ohio consumers listed on the federal Do-Not-Call Registry.

50. Resetar, in good faith, reported violations of law and rules regulating PSI's compliance with the federal Do-Not-Call list as enforced by the Federal Trade Commission and the Consumer Protection Section of the Ohio Attorney General's Office.

51. PSI's termination of Resetar jeopardizes these public policies.

52. PSI's termination of Resetar was motivated by conduct related to these public policies.

53. PSI had no legitimate business justification for terminating Resetar.

54. As a direct and proximate cause of PSI's wrongful conduct, Resetar suffered and will continue to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Patrick Resetar requests judgment against Defendant and for an Order:

(a) Requiring PSI to retroactively restore Resetar to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) Awarding against PSI for compensatory and monetary damages to compensate Resetar for his back wages in an amount in excess of $25,000 per claim to be proven at trial;

(c) Awarding punitive damages against Defendant in an amount in excess of $25,000;

(d) Awarding reasonable attorneys' fees and non-taxable costs for Resetar's claims as allowable under law;

(e) Awarding the taxable costs of this action; and



(f) Awarding such other and further relief that this Court deems necessary and proper.

Respectfully submitted,

*/s/ Fred M. Bean*
Fred M. Bean (0086756)
Taurean J. Shattuck (0097364)
David E. Byrnes (0086975)
**THE SPITZ LAW FIRM, LLC**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: Fred.Bean@spitzlawfirm.com
       Taurean.Shattuck@spitzlawfirm.com
       David.Byrnes@spitzlawfirm.com

*Attorneys For Plaintiff Patrick Resetar*

## JURY DEMAND

Plaintiff Patrick Resetar demands a trial by jury by the maximum number of jurors permitted.

*/s/ Fred M. Bean*
Fred M. Bean (0086756)
Taurean J. Shattuck (0097364)
David E. Byrnes (0086975)



# LUCAS COUNTY COMMON PLEAS COURT
## CASE DESIGNATION

TO: Bernie Quilter, Clerk of Courts

CASE NO. _____

JUDGE ____

G-4801-CI-0202103462-000
Judge
LINDSAY D. NAVARRE

The following type of case is being filed:

**Professional Malpractice**
- [ ] Legal Malpractice (L)
- [ ] Medical Malpractice (M)

- [ ] **Product Liability (B)**
- [ ] **Other Tort (C)**

**Workers' Compensation**
- [ ] State Funded (D)
- [ ] Self Insured (K)

- [ ] **Administrative Appeal (F)**

- [ ] **Commercial Docket**

By submitting the complaint, with the signature of the Attorney, the Attorney affirms that the name of person with settlement authority and his/her direct phone number will be provided upon request to a party or counsel in this matter

**Other Civil**
- [ ] Consumer Fraud (N)
- [ ] Forfeiture
- [ ] Appropriation (P)
- [ ] Court Ordered
- [x] Other Civil (H)
- [ ] Certificate of Title
- [ ] Copyright Infringement (W)

This case was previously dismissed pursuant to CIVIL RULE 41 and is to be assigned to Judge _____, the original Judge at the time of dismissal. The previously filed case number was CI_____.

This case is a civil forfeiture case with a criminal case currently pending. The pending case number is_____, assigned to Judge _____

This case is a Declaratory Judgment case with a personal injury or related case currently pending. The pending case number is_____, assigned to Judge _____

This case is to be reviewed for consolidation in accordance with Local Rule 5.02 as a companion or related case. This designation sheet will be sent by the Clerk of Courts to the newly assigned Judge for review with the Judge who has the companion or related case with the lowest case number. The Judge who would receive the consolidated case may accept or deny consolidation of the case. Both Judges will sign this designation sheet to indicate the action taken. If the Judge with the lowest case number agrees to accept, the reassignment of the case by the Administration Judge shall be processed. If there is a disagreement between the Judges regarding consolidation, the matter may be referred to the Administrative Judge.

Related/companion case number_____ Assigned Judge_____

Approve/Deny _____ Date _____ Approve/Deny _____ Date _____

**Attorney** Fred M. Bean
**Address** 25825 Science Park Dr, Ste 200
Beachwood, OH 44122
**Telephone** (216) 291-4744

11/02/2021 05:52 PM
COMMON PLEAS COURT
BERNIE QUILTER, CLERK
efile id 83129

# WRITTEN INSTRUCTIONS FOR SERVICE

CASE NUMBER: **G-4801-CI-0202103462-000**

JUDGE: **LINDSAY D. NAVARRE**

TO: J. BERNIE QUILTER, CLERK OF COURTS

YOU ARE INSTRUCTED TO MAKE (CHECK ONE)

☒ CERTIFIED MAIL

☐ CERTIFIED RESTRICTED

☐ ORDINARY MAIL

☐ PERSONAL/RESIDENCE SERVICE THROUGH THE SHERIFF

UPON THE FOLLOWING:

| NAME | ADDRESS |
|---|---|
| PROFESSIONAL SKILLS INSTITUTE, LLC | c/o CT Corporation System |
| | 4400 Easton Commons Way, Suite 125 |
| | Columbus, Ohio 43219 |

**SPECIAL INSTRUCTION:**

Please Serve Timestamped Complaint and Summons

**ATTORNEY NAME**

Fred M. Bean

# LUCAS COUNTY COMMON PLEAS COURT
CORNER ADAMS & ERIE STREETS
TOLEDO, OHIO 43604
## SUMMONS
## CIVIL ACTION

**FILING TYPE:**          **OTHER CIVIL**

PROFESSIONAL SKILLS INSTITUTE LLC      G-4801-CI-0202103462-000
C/O CT CORPORATION SYSTEM               JUDGE: LINDSAY D NAVARRE
4400 EASTON COMMONS WAY STE 125
COLUMBUS, OH 43219

You have the right to seek legal counsel. If you cannot afford a lawyer, you may contact the Legal Services of Northwest Ohio. If you do not qualify for services by the Legal Services of Northwest Ohio and do not know an attorney you may contact the Toledo Bar Association's Lawyer Referral Service (419) 242-2000.

---

You have been named as a defendant in a Complaint filed in this Court by the plaintiff named below. A copy of the Complaint is attached to this Summons.

You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of an answer to the complaint, within twenty-eight (28) days after you receive this Summons, exclusive of the of the day of service or to an amended complaint within the remaining response time to the complaint or 14 days, whichever period may be longer. Your answer must be filed with the Clerk of Court of Common Pleas within three (3) days after the service of a copy of the Answer on the plaintiff's attorney.

If you fail to serve and file your Answer, judgment by default will be rendered against you for the relief demanded in the Complaint.

| PLAINTIFF (S) | ATTORNEY FOR PLAINTIFF(S) |
|---|---|
| PATRICK RESETAR | FRED M BEAN |
| 728 LINCOLN STREET | THE WATERTOWER PLAZA |
| AMHERST, OH 44001 | 25200 CHAGRIN BLVD STE 200 |
| | BEACHWOOD, OH 44122 |

BERNIE QUILTER
CLERK OF COURTS

Date: November 04, 2021

_____ , Clerk



# IF YOU DO NOT HIRE AN ATTORNEY
## PLEASE READ & RESPOND
(mark one & respond)

☐ I request to be notified by email

My email address _____

Send email to: Lwatt@co.lucas.oh.us
Subject: G-4801-CI-0202103462-000
PROFESSIONAL SKILLS INSTITUTE LLC
Message: Your email address

OR

☐ I request to be notified by regular mail
(Clerk will forward to Court for approval)

My mailing address _____
_____
_____

Return this Form with your address to:
Clerk of Court
Lucas County Common Pleas Court
700 Adams
Toledo, OH 43604

## If you do NOT hire an attorney & fail to respond you will NOT receive notification of events related to this case

Case Information is available Online at:
www.co.lucas.oh.us/Clerk
click on the "Dockets Online" link

*Local Rule 5.05 H. SERVICE BY CLERK'S OFFICE Once journalized, the Clerk of courts Office will transmit the entries to the email address submitted by the parties. Counsel for a party or Pro Se litigant representing themselves who do not have an email address may, by motion, request ordinary mail service of entries by the Clerk of Courts Office.*

G-4801-CI-0202103462-000  PROFESSIONAL SKILLS INSTITUTE LLC  Generated: November 04, 2021